UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MAKSUD UL MAHBUB,　　　　　　　　　　　Case No. 14-CV-4825 (PJS/LIB)

　　　　　Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　ORDER

WARDEN, Moose Lake Prison,

　　　　　Respondent.

---

Maksud Ul Mahbub, pro se.

Matthew Frank, James B. Early, MINNESOTA ATTORNEY GENERAL'S OFFICE; Peter R. Marker, RAMSEY COUNTY ATTORNEY'S OFFICE, for respondent.

Petitioner Maksud Ul Mahbub was convicted by a jury of one count of third-degree criminal sexual conduct and three counts of fourth-degree criminal sexual conduct. *State v. Mahbub*, No. A11-1284, 2013 WL 4779009, at *3 (Minn. Ct. App. Sept. 9, 2013). The Minnesota Court of Appeals affirmed Mahbub's convictions.[1] *Id.* at *1. The Minnesota Supreme Court denied review. ECF No. 7-2 Ex. 9 at 285.

Mahbub has now brought this federal habeas action. In his petition, he makes two claims: First, he argues that the trial court admitted evidence in violation of the

---

[1]After Mahbub filed his direct appeal but before the Minnesota Court of Appeals ruled on it, he filed a petition for post-conviction relief in the Ramsey County District Court. ECF No. 7-1 Ex. 1. That petition alleged ineffective assistance of counsel. *Id.* The Ramsey County District Court denied that petition, *id.* Ex. 3, and the Minnesota Court of Appeals then proceeded with Mahbub's direct appeal.

Minnesota Rules of Evidence,[2] thereby denying him due process and a fair trial. Second, he argues that the prosecutor committed misconduct, also depriving Mahbub of due process and a fair trial.

Magistrate Judge Leo Brisbois issued a Report and Recommendation ("R&R") recommending that the Court deny Mahbub's petition with prejudice because Mahbub's federal claims are procedurally defaulted. Specifically, Judge Brisbois found that Mahbub did not fairly present his federal claims to the Minnesota Supreme Court and that Mahbub has lost his chance to do so. ECF No. 16 at 13. Mahbub objected, and the Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court agrees with Judge Brisbois and adopts his thorough R&R. Several matters merit brief comment:

*First*, a petitioner has fairly presented a federal claim to the Minnesota courts only if he has raised the claim to "each appropriate state court"—including the Minnesota Supreme Court—and alerted each court to the federal nature of his claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The Court therefore regards a claim as fairly presented only if Mahbub's petition for review ("PFR") to the Minnesota Supreme Court alerted *that court* to the federal nature of the claim; Mahbub has not fairly

---

[2]Mahbub's habeas petition cited the Federal Rules of Evidence. ECF No. 1 at 5, 7. The Court construes Mahbub's argument to refer to the Minnesota Rules of Evidence because the Minnesota Rules of Evidence, not the Federal Rules of Evidence, applied to his trial.

presented a claim if he has alerted only the Minnesota Court of Appeals or a trial court to the federal nature of the claim. As the R&R concluded, Mahbub did not fairly inform the Minnesota Supreme Court that he was raising any federal issue.

*Second*, the R&R is correct that a petitioner meets the fair-presentation standard only if he has "'referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts.'" *Turnage v. Fabian*, 606 F.3d 933, 936 (8th Cir. 2010) (quoting *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007)).³ It is not enough to have cited a state case that, in the course of discussing a state-law issue, happens to cite federal cases. For a state-case citation to satisfy the fair-presentation standard, the cited state case must have actually addressed a pertinent federal issue.

In his PFR, for example, Mahbub cited *State v. Ramey*, 721 N.W.2d 294 (Minn. 2006), in support of his assertion that the Minnesota Supreme Court has "identified

---

³The state-case prong of the Eighth Circuit's test—that is, the Eighth Circuit's holding that a defendant can fairly present a federal issue to a state court merely by citing "a state case raising a pertinent federal constitutional issue"—appears to conflict with *Baldwin*. *See* 541 U.S. at 32 ("[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."). But even assuming that the state-case prong is valid, *see Dansby v. Hobbs*, 766 F.3d 809, 823 (8th Cir. 2014), *cert. denied*, 136 S. Ct. 297 (2015), Mahbub still fails to meet it.

prosecutorial misconduct as an 'important' issue and has sought to protect against it by shifting the burden of persuasion with respect to the standard for plain error." ECF No. 7-2 at 256. In his objection to the R&R, Mahbub argues that he fairly presented a federal claim to the Minnesota Supreme Court merely by citing *Ramey*.

*Ramey* illustrates the difference between a state case that addresses a federal issue and a state case that merely cites federal cases in the course of addressing a state-law issue. *Ramey* addressed two state-law issues: First, what standard of review applies to a state prosecutorial-misconduct claim; and second, who bears the burden of persuasion in determining whether prosecutorial misconduct prejudiced a defendant. 721 N.W.2d at 296. *Ramey* did not treat either of these as a federal issue; to the contrary, the opinion clearly approached both as state-law issues. *E.g., id.* at 300-01 ("We have identified numerous kinds of trial conduct that are improper for prosecutors. . . . We expect that prosecutors, as well as defense counsel, are aware of our case law proscribing particular conduct as well as the standards of conduct prescribed by the ABA.").

*Ramey* did cite several federal cases, implicitly recognizing that both state and federal law guard against prosecutorial misconduct. *See id.* at 300 (quoting *Berger v. United States*, 295 U.S. 78, 88 (1935)). This is enough to inform a justice of the Minnesota Supreme Court who reads *Ramey* that a defendant *can* raise a prosecutorial-misconduct claim under federal law (although the justice surely knows that already). But Mahbub's

citation to *Ramey* is not enough to inform such a justice that Mahbub *was* raising a prosecutorial-misconduct claim under federal law.  A petitioner has not met the fair-presentation standard if he has merely alerted a state court to a state issue that is similar to a federal issue; instead, the petitioner must fairly inform the state court that his particular claim is a federal claim.  *See Turnage*, 606 F.3d at 936.  Neither *Ramey* nor any other case Mahbub cited in his PFR would have alerted the Minnesota Supreme Court that Mahbub was presenting a *federal* prosecutorial-misconduct claim.

*Third*, the Court agrees with the R&R that the substance of Mahbub's evidentiary and prosecutorial-misconduct claims appears virtually identical to the substance of the claims he raised before the Minnesota Supreme Court.  The only real difference, it seems, is that Mahbub now brings his claims under federal law, whereas before the Minnesota Supreme Court he brought those claims under state law.  To the extent that his new (federal) claims differ from his old (state-law) claims, the new claims are procedurally barred because Mahbub knew or should have known about those claims when he petitioned the Minnesota Supreme Court, and yet he failed to include those claims in his PFR.  *See Cooper v. State*, 745 N.W.2d 188, 190-91 (Minn. 2008).  In sum, because Mahbub failed to present any of his federal claims to the Minnesota Supreme Court, and because a Minnesota court now would not hear those claims, *see id.*, Mahbub's federal claims are procedurally defaulted.  *Id.*

*Finally*, Mahbub also filed a "motion to release pending granting writ of habeas corpus." ECF No. 20. This motion seems to assume that the Court has granted Mahbub's habeas petition. The Court has not, and thus the Court will not grant Mahbub's motion for release.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES Mahbub's objection [ECF No. 19] and ADOPTS the July 20, 2015 R&R [ECF No. 16]. IT IS HEREBY ORDERED THAT:

1. Petitioner's petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody [ECF No. 1] is DISMISSED WITH PREJUDICE.

2. No certificate of appealability will issue.

3. Petitioner's motion to release pending granting writ of habeas corpus [ECF No. 20] is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 6, 2016                    s/Patrick J. Schiltz
                                          Patrick J. Schiltz
                                          United States District Judge